# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:09cr21 |
| | § | (Judge Crone) |
| TIMOTHY MOORE | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter having been referred by the Honorable Marcia Crone, the Court held a hearing on October 19, 2009, on defendant's Motion to Withdraw Guilty Plea (Dkt. #39). In his motion, defendant seeks to withdraw his guilty plea, which was accepted by the District Judge on July 19, 2009 (Dkt. #36).

## BACKGROUND

On February 11, 2009, defendant was indicted in a two-count indictment. Count one charged defendant with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). Count two charged defendant with possession of a stolen firearm in violation of 18 U.S.C. § 922(j).

On July 9, 2009, defendant filed a pro se motion to replace his court-appointed counsel. Defendant asserted in this handwritten motion that his counsel was not defending his constitutional rights, arguing generally that the activities of the officers were illegal. On July 13, 2009, defendant signed a plea agreement to count one of the information charging him with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The information charged him with possessing three firearms. The firearms charged in the information were not the same firearms that formed the basis for the indictment. The plea agreement stated that the parties agreed to allow the Court to determine

whether defendant's possession of additional firearms listed in the indictment would be considered relevant conduct for purposes of the sentencing guidelines.

On July 14, 2009, defendant appeared for a change of plea hearing before United States Magistrate Judge Amos Mazzant. At the beginning of the plea hearing, defendant withdrew his motion to replace counsel and proceeded with his change of plea hearing. Defendant pleaded guilty to count one of the information. On July 14, 2009, the undersigned entered his Findings of Fact and Recommendation on Guilty Plea. On July 19, 2009, United States District Judge Marcia Crone adopted the report, finding defendant guilty of count one of the information.

On September 29, 2009, defendant filed a pro se motion to replace counsel. On September 30, 2009, defendant's counsel filed a motion to withdraw plea. On October 6, 2009, the Government filed its response to the motion to withdraw guilty plea. On October 19, 2009, the Court conducted a hearing on the motions.

With regard to his second motion to withdraw counsel, defendant again asserted that his constitutional rights were violated and that counsel failed to file a motion to withdraw his guilty plea. Defendant requested that the Court appoint Robert Arrambide to be his counsel. After hearing from defendant and his counsel, the Court orally denied the motion to replace counsel. The Court then proceeded to consider defendant's motion to withdraw plea.

## ANALYSIS
### Standard of Review

According to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a district court may grant a motion to withdraw a guilty plea before sentencing if the defendant shows "a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). There is no absolute right to withdraw a guilty plea, and

the defendant bears the burden of establishing a fair and just reason for withdrawing his plea. *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007)(citation omitted);*United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001). In deciding whether to permit a defendant to withdraw a guilty plea, the Court is granted "broad discretion." *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984)(citation omitted).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal of the motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-344. The Court is not required to make a finding as to each individual factor. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The *Carr* factors are considered for the totality of the circumstances and no single factor is dispositive. *Lampazianie*, 251 F.3d at 524; *Powell*, 354 F.3d at 370.

**Discussion**

In his motion, defendant asserts that there is a fair and just reason to allow him to withdraw his guilty plea without identifying the reason. Defendant requested a hearing to determine whether there is a fair and just reason to allow him to withdraw his plea of guilty. At the hearing, defendant asserted that he believes that there were Fourth Amendment violations that warrant a second opinion on whether his plea should stand.

Defendant offered Exhibit A in support of his motion. Exhibit A is a U.S. Clerk's Office

document that returned his pro se motion to withdraw his guilty plea, which was returned because he had court-appointed counsel. The Clerk's Office document is dated September 28, 2009. Other than Exhibit A, defendant offered no evidence or testimony to support his claim that there was a fair and just reason to allow the withdrawal of his guilty plea.

**Defendant's Assertion of Innocence**

At the hearing, defendant did not assert his innocence as to count one of the information. Defendant did assert his innocence to the charges contained in the indictment.

In his plea colloquy with the Court on July 14, 2009, defendant agreed to the statement of facts and that he was pleading guilty to the facts that he possessed the three firearms and that he had been previously convicted of a felony. Defendant also stated that he understood the range of punishment. Defendant also signed a plea agreement that contained his agreement to plead guilty to a violation of 18 U.S.C. § 922(g)(1). His failure to claim his innocence strongly favors denying his motion to withdraw.

**Delay in Filing Withdrawal Motion**

In *Carr*, the Fifth Circuit found a delay of twenty-two days before filing a motion for withdrawal of a guilty plea to weigh against allowing the defendant to withdraw his plea. *Carr*, 740 F.2d at 345. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.*

On July 14, 2009, defendant pleaded guilty. On August 30, 2009, defendant attempted to file a motion for leave to withdraw his guilty plea, but this motion was returned by the Clerk's Office

4

because it was not filed by counsel. On September 30, 2009, counsel for defendant filed his formal motion to withdraw his guilty plea. Defendant waited over one month from the time of the July 14, 2009 hearing to file his motion to withdraw.

Even accepting the date that defendant attempted to request withdrawal of his plea, the Court finds that defendant was not prompt. Defendant's delay demonstrates a tactical decision and defendant's belief that he made a bad decision in pleading guilty. The Court examines the delay from the time defendant's plea of guilty was entered to the time of the filing of the motion for withdrawal. Therefore, the Court finds that defendant's delay strongly favors denying the motion.

**Assistance of Counsel**

In order for a defendant's guilty plea to be valid, "the defendant must have available the advice of competent counsel. The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000).

Defendant asserts that he was not provided close assistance at every junction of his criminal proceedings. After doing his own research, defendant believes that he may have a claim for violation of his constitutional rights. Defendant would like a second attorney to review his case and give him another opinion.

Defendant's attack can be broken down to a claim that counsel was ineffective in failing to adequately advise him.

In a recent case, the Fifth Circuit determined that close assistance of counsel under Rule 11(d)(2)(B) and "constitutionally ineffective assistance of counsel are distinct issues." *United States v. McKnight*, 2009 WL 1565669 *3 (5th Cir. June 5, 2009). Ineffective assistance is a basis for invalidating a conviction under the Sixth Amendment and not relevant to the decision of whether

defendant was denied close assistance of counsel. *Id.*

The question of whether defendant received the close assistance of counsel "requires a fact-intensive inquiry." *Id.* at *4. Defendant entered into a plea agreement with the Government. The plea agreement was signed by defendant and his counsel. Paragraph twelve of the plea agreement states that defendant reviewed all legal and factual aspects of the case and that defendant was fully satisfied with his counsel's legal representation. Defendant also represented, in signing the written consent form to proceed before the undersigned, that he was satisfied with the representation provided to him. Defendant was also asked during his plea colloquy whether he was satisfied with the representation provided by his counsel, Ms. Benson, and he answered that he was.

There is no evidence that defendant was pressured by his attorney to plead guilty. The Court finds that defendant was not without assistance of adequate counsel in agreeing to plead guilty.

**Knowing and Voluntary Plea**

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992)(quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). Defendant must have notice of the nature of the charges against him, he must understand the consequences of his plea, and he must understand the nature of the constitutional protections he is waiving. *Matthew*, 201 F.3d at 365. For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Id*. (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)).

In this case, the Court informed the defendant of the nature and consequences of his guilty

plea. The Court informed defendant of the rights he gave up when pleading guilty, the potential sentence he faced for pleading guilty, including imprisonment of not more than ten years, or, if he had three previous convictions by any court for a violent felony or a serious drug offense, imprisonment for a term of fifteen years to life, and the specific elements of the crime. Defendant stated that he understood the penalties he could receive, that he understood the elements of the offense, and that he understood his constitutional rights. He was advised about the sentencing guidelines and stated he understood that if he received a sentence longer than he was expecting, he would still be bound by his plea. The Court also reviewed the plea agreement and specifically asked the defendant if he understood that other specific offense characteristics or guidelines adjustments could increase or decrease the appropriate sentencing range.

Moreover, defendant's reliance upon counsel's alleged erroneous prediction regarding the probable length of sentence does not render a defendant's guilty plea involuntary or unknowing, where the defendant was properly advised regarding the maximum length of sentence possible under applicable law. *United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir. 1993). The record demonstrates that defendant was warned about the minimum and maximum sentence that could be imposed by the Court.

Defendant represented that his plea was freely and voluntarily made and that no one forced him, threatened him, or made any promises other than what was contained in the plea agreement. Counsel indicated that defendant was competent and able to cooperate with her and understood the plea agreement. The Court had the government go over, in detail, the statement of facts in support of the plea agreement. Defendant acknowledged that the facts were true and correct and that he was pleading guilty to the facts as recited. After acknowledging the facts supporting his plea, defendant

entered a plea of guilty to count one of the information. Having been advised as to the details and consequences of his plea, having repeatedly stated that he understood the proceedings, and having repeatedly acknowledged his guilt, defendant's assertion that his plea was anything other than knowing and voluntary is contradicted by the record. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002)(reviewing courts give great weight to the defendant's statement at the plea colloquy).

**Remaining Factors**

The remaining factors for the Court to consider are as follows: (1) whether withdrawal would cause the government to suffer prejudice if the motion were granted; (2) whether withdrawal would substantially inconvenience the Court; and (3) whether withdrawal would waste judicial resources.

A withdrawal at this point would inconvenience the Court and cause a waste of judicial resources. Considering the nature of this case, the Court cannot find that there would be prejudice to the government if the case proceeded to trial.

After considering the evidence presented, the arguments of counsel, and reviewing the record, the Court finds that most of the *Carr* factors do not weigh in defendant's favor. Defendant presented no evidence that convinces the Court that defendant should be allowed to withdraw his plea of guilty. Given the totality of the circumstances, the Court finds that defendant has failed to demonstrate a fair and just reason to withdraw his plea of guilty.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Withdraw Guilty Plea (Dkt. #39) be **DENIED**.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)©.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 22nd day of October, 2009.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE